ROBERT S. YOUNG *v.* HENRY CHAMBERLIN et al.

The general rule of law is, that the plaintiff in an action of revendication must make out his title, or the possessor will be discharged from the demand. As against a mere naked possessor or trespasser, however, the plaintiff is not bound to show title in himself good against the whole world in order to recover. But in a petitory action, *he is bound*, even against a naked possessor, to produce a title anterior in date to the possession of the defendant, in order to establish ownership in himself and repel the presumption of ownership in the defendant, resulting from his possession.

The lessee is without capacity to stand in judgment as to the question of title ; nothing but the right of possession can be determined on the trial of the case between the lessee and plaintiff.

Before the lessee's possession can be disturbed in a petitory action, the plaintiff must show a good and perfect title in himself, as required by Art. 44 of the Code of Practice.

The plaintiff in a petitory action has no right, on the trial of the case with the lessee, to offer evidence to establish that the lessor derived his title from the same common source or author with himself ; but in such a contest, he must recover the possession on the strength of his own title and not on the weakness of the lessor's, as shown by the evidence, in a case to which the lessor is no party.

No distinction can be made, as to the incapacity to stand in judgment, in a petitory action, between an agent in possession of land, with full power of attorney to manage and superintend, and to sell, mortgage, lease and hire the same, upon such terms as may seem to him proper and advantageous, and a lessee of the land.

APPEAL from the District Court of the Parish of Catahoula, *Mayo*, J. *McGuire & Ray*, for plaintiff. *R. H. Cuny* and *James G. Taliaferro*, for defendant and appellant.

LAND, J. This is a petitory action for the recovery of a tract of land. The defendants disclaimed title, and alleged that they possessed the land as the lessees of one *Hollister*, the legal owner, who resides in the State of Michigan.

The alleged owner, *Hollister*, is not a party defendant to the suit, and the case was tried on its merits, between the lessees and the plaintiff, and resulted in a judgment in favor of the plaintiff for the possession of the land.

The general rule of law is, that the plaintiff in an action of revendication must make out his title; otherwise the possessor, whoever he be, shall be discharged from the demand. As an exception to this rule, it has been held, that as against a mere naked possessor or trespasser, the plaintiff is not bound to show title in himself good against the whole world, in order to recover. But the plaintiff in a petitory action *is bound*, even against a naked possessor, to produce a title anterior in date to the possession of the defendant, in order to establish ownership in himself, and to repel the presumption of ownership in the defendant, resulting from his possession. C. P. Art. 44; 8 La. 246. And if the defendants be regarded as naked possessors, the plaintiff has failed, in his evidence, to make out

his case against them, because the allegations of his petition, which, as judicial admissions, conclude him, establish the fact that his title was *not anterior in date*, but subsequent to the possession of the defendants, because, at the date of his title the defendants were in possession of the land, and there is no evidence of his vendor's title prior to that date which can be considered as affecting the lessor's right of possession through his lessee.

In a petitory action, the law declares that, if the lessee of the land be sued, he must declare to the plaintiff the name and residence of his lessor, who shall be made a party to the suit, if he reside in the State, or is represented therein, and who must defend it in the place of the tenant, who shall be discharged from the suit.  C. P. Art. 43.

Under this Article of the Code of Practice, the lessee is without capacity to stand in judgment as to the question of title; and if his lessor has not been called in warranty, nor voluntarily appeared to defend the action, nothing but the right of possession can be determined, on the trial of the case between the lessee and the plaintiff. *King* v. *Fish*, 4 N. S. 391; *Fusilier* v. *Hennen*, 5 N. S. 71; *Bazanzon's Heirs* v. *Creswell*, ibid 232.

The lessee, therefore, had no right to try the question of title with the plaintiff, and to offer evidence for that purpose, as was done in this case.  His possession is that of his lessor, and before his possession can be disturbed, in a petitory action, the plaintiff must show a good and perfect title in himself, as required by Article 44, of the Code of Practice; for, if the lessor had been made a party to the suit, he might have shown a title in himself paramount to any title exhibited by the plaintiff, *short of a good and perfect title against the whole world*, and thereby have protected his possession through his lessee.  In this case, for instance, the evidence offered by the plaintiff traces his title to one *B. F. Young*; and the evidence offered by the lessee traces the title of the lessor to the same common author, who, it appears, is the father of the plaintiff.  Now, if the lessor had been made a party to the suit, he might have shown, as we have said, a title paramount to that of the plaintiff, and of his vendor, and thereby have protected his rights of possession and property.  The plaintiff in a petitory action has no right, on the trial of his case with the lessee of the land, to offer evidence to establish that the lessor derived his title from the same common source or author with himself; but in such a contest, he must recover the possession on the strength of his own title, and not on the weakness of the lessor's, as shown by the evidence in his case, to which the lessor is no party.

It is however contended, that the defendants are not shown to be the lessees of *Hollister*.  The petition alleges, that they are in the actual possession of the land, and there is a power of attorney in the record from *Hollister* to the defendant, *Henry Chamberlin*, constituting him his agent and attorney in fact, with power to "manage and superintend" all his property in this State, and to sell, mortgage, lease or hire the same, upon such terms as might seem to him proper and advantageous.  No distinction can be made, in a case like the present, between an agent in possession of the land, with the powers above mentioned, and a lessee of the land.  They both hold under, and possess for the owner, and are equally incapable of standing in judgment on an issue of title to the land.

For the reasons stated, it is ordered, adjudged and decreed, that the judgment of the lower court be reversed; and it is now ordered, adjudged and decreed, that there be judgment against the plaintiff as in case of nonsuit, with costs in both courts.