### PETTY v. McCORKLE. *
#### No. 5206.

#### Court of Appeal of Louisiana. Second Circuit.
#### April 3, 1936.

Dickson & Denny, of Shreveport, for appellant.

Irion & Switzer, of Shreveport, for appellee.

DREW, Judge.

Plaintiff alleged he was the true and lawful owner of lot No. 260 of the Henderson Iron Works subdivision, of the city of Shreveport, La.; that he acquired same by purchase of bankrupt sale on March 24, 1933; that the defendant is in actual, physical possession of said property without any title whatsoever, and refuses to deliver possession. He prayed to be recognized as owner of said property, and that defendant be ordered to deliver possession to him.

Defendant filed several exceptions which he has not urged here, then answered, denying the allegations of plaintiff's petition, and averring that he is in actual, physical possession of a house boat which is situated on the bank of Cross bayou, between the levee and the water; and that said house boat floated to the said location during the year 1929, has remained on said bank, and cannot be removed until high water renders it available.

Defendant further alleged that the boat was placed at its location by a government boat, and that it cannot be removed and taken to another location unless it is done by a government boat. He further alleged he had a right to the use and occupation of said property for the reason it is dedicated by law to public use.

Defendant further alleged that he and his predecessors have been in quiet and peaceful possession of said property since the boat was moored during 1929.

On these issues the case was tried below, resulting in judgment for defendant and rejecting plaintiff's demands as of nonsuit. Plaintiff has appealed, and asks that the judgment be amended by totally rejecting defendant's demands.

The judgment of the lower court was based upon the fact that plaintiff had failed to allege and prove title in himself anterior in date to the possession of defendant, under the authority of Young v. Chamberlin, 15 La.Ann. 454. Plaintiff alleged and proved title in himself by virtue of a deed, dated March 24, 1933, and the defendant proved he had been in actual possession since 1927. Whether plain-

---

tiff can allege and prove title anterior in date to defendant's possession, is not shown, and, until he does, defendant's possession is not at stake. If plaintiff can prove such a title and, through oversight or otherwise, failed to allege and prove it, it would not be in the interest of justice to deny him that right. If he has no such title, defendant cannot be disturbed. If he has, justice demands that he have the opportunity to prove it.

 It is unnecessary to pass upon the defenses set up in the answer until plaintiff has established a prima facie title in himself anterior in date to defendant's possession.

The lower court was clearly within its rights in rejecting plaintiff's demands as of nonsuit, and the judgment is affirmed; cost of appeal to be paid by appellant.